# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00002-MR

| | |
|---|---|
| DAVID OPPENHEIMER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HARLEY OBOLENSKY MORGAN; ) <br> and CAPITAL AT PLAY, INC., ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on Defendant Harley Obolensky Morgan's ("Morgan") Motion to Dismiss the Complaint [Docs. 12, 13].

## I. PROCEDURAL BACKGROUND

On January 3, 2019, the Plaintiff David Oppenheimer ("Plaintiff") filed this action against the Defendants Morgan and Capital at Play, Inc. ("Capital" and collectively, the "Defendants"), asserting claims under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1202, *et seq.* [Doc. 1]. In his Complaint, the Plaintiff alleges that the Defendants infringed two of his copyrights when they published two of his copyrighted photographs on their website. [Id. at ¶ 11]. Specifically, the Plaintiff alleges the Defendants either non-willfully (Count I) or willfully

(Count II) infringed on his copyrights by publishing the photographs and violated the DMCA by removing copyright management information from the photographs (Count III). The Plaintiff also alleges Defendant Morgan is liable under theories of contributory copyright infringement (Count IV) and vicarious liability (Count V).

Defendant Morgan now seeks the dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Plaintiff's Complaint fails to state claims upon which relief can be granted. [Doc. 12, 13]. The Plaintiff has filed an opposition to Defendant Morgan's motion [Doc. 15], to which Defendant Morgan has replied [Doc. 16].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendant Morgan's motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and

bare assertions devoid of further factual enhancement. . . ." Consumeraffairs.com, 591 F.3d at 225; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor will mere labels and legal conclusions suffice. Id.

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is insufficient to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

## III. FACTUAL BACKGROUND

Taking the well-pleaded factual allegations of the Complaint as true, the following is a summary of the relevant facts.[1]

The Plaintiff is a professional photographer who takes photographs and publishes them to a website for sale. [Doc. 1 at ¶¶ 6-7]. The Plaintiff created the two photographs at issue here. [Id. at ¶ 6]. Before uploading the two photographs, the Plaintiff obtained copyrights for them and added copyright management information, including a watermark, a caption, and metadata. [Id. at ¶¶ 8, 9, 10, 23].

At some point, the Plaintiff discovered that the two copyrighted photographs had been uploaded to the Capital website. [Id. at ¶¶ 11-12]. The uploaded photographs were missing some of the copyright management information the Plaintiff added when he published the photographs on his website. [Id. at ¶¶ 10-11]. On September 14, 2018, the Plaintiff notified the

---

[1] In reciting the relevant factual allegations, the Court has disregarded all "bare legal conclusions" asserted in the Complaint, see Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011), as well as "[t]he mere recital of elements of a cause of action," see Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012). The Court has also disregarded any additional facts contained in the Declaration of David Oppenheimer [Doc. 15-1] attached to the Plaintiff's Response to Defendant Morgan's Motion to Dismiss because consideration of those facts would convert the Motion to Dismiss into a Motion for Summary Judgment. Fed R. Civ. P. 12(d); see also Alvarez-Soto v. B. Frank Joy, LLC, 258 F. Supp. 3d 615, 623 (D. Md. 2017).

Defendants that they were violating his copyrights by displaying the photographs. [Id. at ¶ 13, Exh. 5].

Capital at Play is a North Carolina corporation. [Id. at ¶ 5]. Defendant Morgan serves as Capital's registered agent and is an officer, director, manager, and/or other genre of principal of/for Capital. [Id. at ¶¶ 5, 33]. Morgan controls nearly all decisions of Capital, provides hands-on decision making with respect to most of Capital's activities and is the dominant influence at Capital. [Id. at ¶¶ 31, 34].

## IV. DISCUSSION

Defendant Morgan contends that he should be dismissed from the suit because the Complaint provides insufficient facts to support the allegations against him.

### A. Direct Copyright Infringement

In Counts I and II of the Complaint, the Plaintiff asserts claims under 17 U.S.C. § 501 for direct copyright infringement against both Defendants.[2] Defendant Morgan argues that the Complaint alleges insufficient facts to

---

[2] Plaintiff presents two claims, one for non-willful copyright infringement and one for willful copyright infringement. Those claims are separate counts only to the extent that willful copyright infringement allows an increased award of statutory damages. See 17 U.S.C. § 504.

5

show he was involved in the decision to use the works in dispute, or that he even was aware the works had been used.

"'[T]he Copyright Act grants the copyright holder 'exclusive' rights to use and to authorize the use of his work in five qualified ways,' namely, (1) to reproduce the work, (2) to prepare derivative works, (3) to distribute copies of the work to the public, (4) to perform the work publicly, and (5) to display the work publicly." Harvester, Inc. v. Rule Joy Trammell + Rubio, LLC, 716 F. Supp. 2d 428, 434 (E.D. Va. 2010) (quoting Sony Corp. v. Universal City Studios, Inc., 464 U.S. 417, 432–33 (1984)). "Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright." 17 U.S.C. § 501. "In order to prove copyright infringement, a plaintiff must show that it owns a valid copyright, and it must establish that the defendant engaged in unauthorized copying of the work protected by the copyright." Nelson-Salabes, Inc. v. Morningside Dev., LLC, 284 F.3d 505, 513 (4th Cir. 2002) (citing Towler v. Sayles, 76 F.3d 579, 581 (4th Cir.1996)).

Here, the Plaintiff asserts sufficient facts to allege direct copyright infringement against Defendant Morgan. Taking all the well-pleaded facts in the light most favorable to the Plaintiff, see Consumeraffairs.com, 591 F.3d at 255, there are "sufficient facts to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678;

6

see also Consumeraffairs.com, 591 F.3d at 255. The Complaint alleges that Defendant Morgan "controlled nearly all decisions of Capital," [Doc. 1 at ¶¶ 31, 34], so it is reasonable to infer that Defendant Morgan personally engaged in the publication of the photographs and the infringement on the copyrights.

### B. DCMA Violations

In Count III of the Complaint, the Plaintiff asserts DMCA violations against the Defendants. Defendant Morgan argues that the Complaint alleges insufficient facts to show that he was personally involved in any actions that may have violated the DMCA.

The DCMA prohibits a person, "without the authority of the copyright owner or the law," either to "intentionally remove or alter any copyright management information" 17 U.S.C. § 1202(b)(1), or to "distribute" work "knowing that copyright management information has been removed or altered," id. § 1202(b)(3). Section 1202(b) requires that the action be taken "knowing or ... having reasonable grounds to know that it will induce, enable, facilitate, or conceal an infringement." Id. § 1202(b).

The Plaintiff alleges that Defendant Morgan controlled nearly all decisions of Capital and is the dominant influence in the company. [Doc. 1 at ¶¶ 31, 34]. The Plaintiff further alleges that one or more of the Defendants

7

removed the copyright management information that Plaintiff placed on the copyrighted photographs. [Id. at ¶ 23]. Further, the Plaintiff alleges that Defendants knew or had reasonable grounds to know that removing the copyright management information would induce, enable, facilitate, and/or conceal any potential copyright infringement. [Id. at ¶ 26]. Accepting the Plaintiff's allegations as true and construing them in the light most favorable to Plaintiff, there are sufficient facts to allege that Defendant Morgan removed the copyright management information in violation of the DCMA.

### C. Contributory Copyright Infringement

In Count IV of the Complaint, the Plaintiff asserts contributory copyright infringement against Defendant Morgan. Defendant Morgan argues that the Complaint does not allege sufficient facts to show that he contributorily infringed on the copyrights. Specifically, Defendant Morgan argues that he lacked the necessary intent to infringe on the copyrights.

"One infringes contributorily by intentionally inducing or encouraging direct infringement." Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005) (citing Gershwin Pub. Corp. v. Columbia Artists Management, Inc., 443 F.2d 1159, 1162 (2d Cir. 1971)). "Proving contributory infringement requires proof of at least willful blindness;

8

negligence is insufficient." BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc., 881 F.3d 293, 310 (4th Cir. 2018).

The Plaintiff alleges that Defendant Morgan caused, enabled, facilitated, and/or materially contributed to the infringements. [Doc. 1 at ¶¶ 30, 31, 34]. However, the Plaintiff makes no allegation that Defendant Morgan induced or encouraged another to infringe the Plaintiff's copyrights. Plaintiff only alleges that Defendant Morgan was the decision-maker for Defendant Capital. As such, Plaintiff's allegations support a claim for direct infringement by Defendant Morgan but are inconsistent with a claim for contributory infringement. Therefore, there are insufficient facts to support a claim for contributory copyright infringement against Defendant Morgan, as there are no allegations that Defendant Morgan induced or encouraged direct copyright infringements that were effectuated by another. Accordingly, this claim will be dismissed.

### D. Vicarious Copyright Infringement

One "infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." Grokster, 545 U.S. at 930. "In order to establish vicarious liability, a copyright owner must demonstrate that the entity to be held so liable: (1) possessed the right and ability to supervise the infringing activity; and (2) possessed an obvious and direct financial

interest in the exploited copyrighted materials." Nelson-Salabes, Inc. v. Morningside Dev., LLC, 284 F.3d 505, 513 (4th Cir. 2002) (citations omitted).

Here, the Plaintiff alleges that Defendant Morgan controlled nearly all decisions of Capital and is the dominant influence in the company. [Doc. 1 at ¶¶ 31, 34]. In addition, the Plaintiff alleges that Defendant Morgan "had the right and ability to supervise and/or control the infringing conduct of Capital, and/or stop the infringements once they began." [Id.]. Finally, the Plaintiff alleges that Defendant Morgan has an obvious and direct financial interest in the infringing activities of Capital since he is an officer, director, manager or other principal of/for Capital. As a principal of Capital, Defendant Morgan's financial interests are intertwined with Capital's. [Id.]. Therefore, Defendant Morgan has a direct and obvious financial interest in Capital.[3] Thus, Plaintiff's allegations present sufficient facts with regard to each element of this claim.

---

[3] Defendant Morgan argues that a plaintiff can only show a direct financial interest sufficient for vicarious copyright infringement if it can show that the infringing use was a draw for customers. [Doc. 13 at ¶ 16]. Defendants publish photographs alongside their articles to provide context for readers and to improve their website's appearance and design. Taking the allegations in the light most favorable to the Plaintiff and drawing reasonable inferences therefrom, the photographs provided a draw for customers.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant Morgan's Motion to Dismiss the Complaint [Doc. 15] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Defendant's Motion is **GRANTED** with regard to Count IV and **DENIED** with regard to Counts I, II, III, and V.

**IT IS SO ORDERED.**

Signed: June 26, 2019

Martin Reidinger
United States District Judge